FILED
SUPERIOR COURT
OF GUAM

2019 APR 23 PM 4: 25

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,            )        CRIMINAL CASE NO. CF0649-18
                          )
    vs.                   )        DECISION AND ORDER
                          )        (Motion to Modify Conditions of Release)
PATRICK SANTOS PADUA,     )
DOB: 07/05/1970           )
            Defendant.    )
                          )

### Introduction

This matter came before the Honorable Anita A. Sukola on Defendant Patrick Santos Padua's ("Defendant") Motion to Modify Conditions of Release. Defendant is represented by Attorney Curtis C. Van de veld. The People of Guam are represented by Assistant Attorney General Jeremy Kemper. A Motion Hearing was held on February 6, 2019. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion to Modify Conditions of Release. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

### Background

Defendant is charged with: Two counts of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony), POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), CHILD ABUSE (As a Misdemeanor), and POSSESSION OF LESS THAN AN OUNCE OF MARIJUANA (As a Violation). Indictment (Nov. 1, 2018).

Defendant is confined pending the posting of twenty five thousand dollars ($25,000.00) cash bail. Commitment Order (Oct. 25, 2018). Defendant filed the instant Motion to Modify Conditions of Release on January 14, 2019. Mot. to Modify (Jan. 14, 2019). The People did not file a written objection to Defendant's Motion to Modify. A Motion Hearing was held on February 6, 2019, at which time the Court orally denied the Motion.

### Discussion

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release



are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA §40.50.

Section 40.10 of the Guam Code provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." Id. § 40.10. Section 40.15 (b) requires, "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). *Id.* § 40.15(b). The law identities several factors in making such a determination, which include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (A) length of his/her residence on Guam;
    (B) his/her employment status and history, and financial condition;
    (C) his/her family ties and relationships;
    (D) his/her reputation, character, and mental and physical condition;
    (E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his/her history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his/her reliability;
    (H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

*Id.* 40.15(c). If a Court finds that a defendant is not suitable for release, it is to impose the least onerous of the following conditions of release:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times

*Id.* §40.20

Defendant states that bail has been requested in an amount that neither he nor his family can afford. Mot. to Modify at 4. Further, Defendant states that the amount of cash bail exceeds the limitation created by the Supreme Court of Guam in the cases of People v. Tuncap, 2011 Guam 14, and People v. Song, 2011 Guam 19.

As indicated by the Court during the Motion Hearing, the Court is extremely concerned by the threat Padua poses to the community. The Probation Division indicated that Padua is not qualified for pretrial release due to a past conviction of possession of a firearm. While Padua argued in his motion that his proposed third-party custodians were fit to perform the service required to secure his release, he conceded during the Motion Hearing that he been unable to find a suitable third-party custodian. Because of Padua's criminal history and lack of a third-party custodian, the Court finds that his release would put the community in danger.

<u>Conclusion</u>

For the reasons stated above, the Court hereby DENIES Defendant's Motion to Modify Conditions of Release.

**SO ORDERED** this _____ 4/23/19, nunc pro tunc February 6, 2019.

SERVICE VIA COURT BOX

I acknowledge . : , or the original her. .:.ed in the court box of:

AG, C. VhnDeVille

Date: 4/23/19 : 4:45

**Rosalind C. Balajadia**

Du. .:y Clerk, Super/ Cou... .. ... .1

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam